# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DOLORES CHAVEZ,**

      **Plaintiff,**

vs.                                                                             No.  07cv0554 DJS

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER**  is before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum **[Doc. No. 26]**, filed on March 11, 2009, and fully briefed on March 27, 2009.  Plaintiff's counsel seeks attorney fees in the amount of $5,476.60. Plaintiff's counsel asserts he will refund Plaintiff the amount of the EAJA fee the Court previously awarded in the amount of $3,043.95.  The Commissioner "declines to assert a position on the reasonableness of Plaintiff's request, as he is not the true party in interest." Def.'s Resp. at 1.

      As part of its judgment in social security disability cases, the Court may allow  "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant.  42 U.S.C. § 406(b)(1)(A).  The fee is payable out of the claimant's past-due benefits.  The EAJA provides for fees payable by the United States.  EAJA fees are determined not by a percent of the amount recovered but by the time expended and the attorney's hourly rate.  28 U.S.C. § 2412(d)(1)(B).  Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.  *Gisbrecht v.*

*Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*

In *Gisbrecht*, the Supreme Court noted that the traditional lodestar method shifts the cost of litigation fees to the loser, whereas in social security disability cases, the cost of litigation fees is being shifted to the prevailing claimant. The Court concluded:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

539 U.S. at 807, 122 S.Ct. at 1828 (internal citation omitted). Accordingly, the Court looks first looks to the contingent-fee agreement and then tests it for reasonableness. The Court must act as an independent check on such arrangements to assure that they satisfy the statutory requirement of yielding a "reasonable" result in particular cases. *Id.* Attorney fees may be reduced if the representation is substandard, if the attorney is responsible for delay, or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Additionally, "§ 406(a) governs fees for representation in administrative proceedings" and "§406(b) controls fees for representation in [this] court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006)("Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the

2

Commissioner does not make fee awards for work done before the court.").

Plaintiff's counsel seeks attorney fees in the amount of $5,476.60 for 18.95 hours of work before the Court.  Pl.'s Mot. at 4.  Plaintiff's counsel contends the requested fee is reasonable.  Plaintiff and her counsel entered into a standard contingent-fee agreement at the outset of his proceeding which specifies an attorney fee of 25% of any past-due benefits awarded to Plaintiff.  *Id.*, Ex. C.

The Court has reviewed the record and finds that, although the case did not present difficult issues, Plaintiff's counsel did not cause any delay during the pendency of the case and the character of the representation was adequate.  Moreover, the results achieved do not warrant a downward adjustment in the fee.  Accordingly, the Court finds that the amount requested is reasonable.  The Court will grant Plaintiff's application for attorney fees.  Plaintiff's counsel shall refund to Plaintiff the amount of the EAJA fee the Court previously awarded.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Authorizing Attorney Fees, with Supporting Memorandum is **GRANTED.**  Plaintiff's counsel is awarded attorney fees in the amount of $5,476.60.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**